# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| IN RE COVISINT CORP. SHAREHOLDER LITIGATION | ) Civil Action No. 2:17-cv-11958-RHC-DRG )  ) Consolidated with |
| This Document Relates To: ALL ACTIONS | ) 2:17-cv-12000-SJM-APP ) 2:17-cv-12183-SJM-RSW )  ) CLASS ACTION )  ) **STIPULATION AND ORDER OF** ) **DISMISSAL** ) |

WHEREAS, the plaintiffs named in this action ("Plaintiffs"), individually and on behalf of a putative class of shareholders of Covisint Corporation ("Covisint"), filed three separate actions in this Court, captioned *Keuning v. Covisint Corp.*, Case No. 2:17-cv-11958-RHC-DRG (June 20, 2017), *Berg v. Covisint Corp.*, Case No. 2:17-cv-12000-SJM-APP (June 21, 2017), and *Lai v. Covisint Corp.*, Case No. 2:17-cv-12183-SJM-RSW (July 5, 2017) (the "Actions");

WHEREAS, in their respective complaints filed in the Actions, Plaintiffs asserted claims for alleged violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 by defendants, which Plaintiffs allege to have been made in a proxy statement (the "Proxy Statement") filed by Covisint with the United States Securities and Exchange Commission ("SEC") in connection with the then-proposed (and subsequently consummated) acquisition of all of Covisint's issued and

outstanding shares by Open Text Corporation ("Parent") and Cypress Merger Sub, Inc. ("Merger Sub" and together with Parent, "OpenText"), through a merger of Merger Sub with and into Covisint pursuant to a definitive agreement and plan of merger (the "Merger Agreement") filed with the SEC on or around June 5, 2017 (the "Transaction");

WHEREAS, on July 8, 2017, Plaintiff Lai filed a Motion for Preliminary Injunction and Expedited Discovery (the "Motion");

WHEREAS, on or about July 17, 2017, Covisint filed a Form 8-K with the SEC, which included certain additional information relating to the Transaction (the "Supplemental Disclosures"), which Plaintiffs assert substantially addressed and mooted their claims;

WHEREAS, on July 18, 2017, Plaintiff Lai voluntarily withdrew the Motion and requested that the Court vacate the hearing thereon, which was scheduled for July 21, 2017;

WHEREAS, on July 18, 2017, the Court entered an Order Consolidating the Related Actions, which consolidated the Actions into the above-captioned action (the "Action");

WHEREAS, at a special meeting of the shareholders of Covisint held on July 25, 2017, more than a majority of Covisint's shares were voted to approve the Merger Agreement, and the Transaction was completed on July 26, 2017;

WHEREAS, Plaintiffs' counsel believe that their claims were substantially meritorious at all relevant times, and further believe that such claims were substantially mooted by the Supplemental Disclosures, and reserve the right to assert a claim for attorneys' fees and expenses in connection with the prosecution of the Actions and the issuance of the Supplemental Disclosures, and have informed the defendants named in the Action ("Defendants") that Plaintiffs intend to petition the Court for such fees and expenses (the "Fee Petition") if the claim for fees and expenses cannot be resolved by negotiated agreement;

WHEREAS, the Defendants, although not called upon to respond formally to the complaints filed in the Actions, would have denied all material allegations in those complaints and Defendants do not, by entering into this Stipulation, admit any such allegations; Defendants reserve all rights, arguments, and defenses, including the right to oppose any potential Fee Petition; and by entering into this Stipulation, Defendants do not admit that the Supplemental Disclosures were material or that Plaintiffs are entitled to any attorneys' fees and expenses in connection with the prosecution of the Actions and/or the issuance of the Supplemental Disclosures;

WHEREAS, Plaintiffs have not moved for certification of any class and no class has been certified in the Action;

WHEREAS, for the avoidance of doubt, no compensation in any form has passed directly or indirectly by or for Defendants to Plaintiffs or their attorneys, and

no promise, understanding, or agreement to give any such compensation has been made;

WHEREAS, Defendants have denied and continue to deny any wrongdoing and contend that no claim asserted in the Actions is meritorious;

NOW, THEREFORE, upon consent of the parties and subject to the approval of the Court:

IT IS HEREBY ORDERED this  28th  day of  September , 2017 that:

1. The specific claims asserted in the Action and the relief prayed for in the Action are dismissed with prejudice as to Plaintiffs only, and without prejudice as to the putative class. Nothing herein shall affect Plaintiffs' participation in and rights to recover as members of any class in any other putative class action litigation regarding the Transaction, provided that such participation shall not include individually appearing in or intervening in such other class action litigation as a plaintiff or claimant other than for the sole purpose of receiving a proportionate share of any recovery for the class.

2. Because the dismissal is without prejudice as to the putative class, notice to the putative class of this dismissal is not required.

3. The Court retains jurisdiction of the Action solely for the purpose of determining Plaintiffs' anticipated Fee Petition, if one is filed.

4. This Order is entered without prejudice to any right, position, claim, or defense any party may assert with respect to the Fee Petition, which includes the Defendants' right to oppose the Fee Petition.

5. If a Fee Petition is filed, upon completion of briefing on that Petition, the parties shall promptly contact the Court to schedule argument regarding Plaintiffs' Fee Petition at a time convenient to the Court.

6. If the parties reach an agreement concerning the alleged claim for fees and expenses, they will notify the Court. Upon such notification, the Court will close the Actions.

| | |
|---|---|
| Dated: September 27, 2017 | **ANTHONY L. DELUCA, PLC** |
| | By: s/Anthony L. Deluca (w/ consent) |
| **OF COUNSEL:** | Anthony L. Deluca (P64874) |
| | Grand Marais Professional Centre |
| **RIGRODSKY & LONG, P.A.** | 14950 East Jefferson Avenue, |
| Brian D. Long | Suite 170 |
| Gina M. Serra | Gross Pointe Park, MI 48230 |
| 2 Righter Parkway, Suite 120 | (313) 821-5905 |
| Wilmington, DE 19803 | |
| (302) 295-5310 | *Attorneys for Plaintiffs Robert Berg and Victoria K. Lai* |
| *Attorneys for Plaintiff Robert Berg* | |

**KAHN SWICK & FOTI, LLC**
Michael J. Palestina
206 Covington Street
Madisonville, LA 70447

(504) 455-1400

*Attorneys for Plaintiff Victoria K. Lai*

Dated: September 27, 2017      **SOMMERS SCHWARTZ, P.C.**

By:    s/Lance C. Young (w/ consent)
        Lance C. Young

**OF COUNSEL:**              One Towne Square, 17th Floor

**LEVI & KORSINSKY, LLP**    Southfield, MI 48076
Donald J. Enright               (248) 355-0300
Elizabeth K. Tripodi
1101 30th Street, N.W.,       *Attorneys for Plaintiff Dirk*
Suite 115                      *Keuning*
Washington, DC 20007
(202) 524-4290

Dated: September 27, 2017      **BROOKS WILKINS SHARKEY & TURCO, PLLC**

By:    s/Steven M. Ribiat
        Steven M. Ribiat
        401 S. Old Woodward Avenue,
        Suite 400
        Birmingham, MI 48009
**OF COUNSEL:**              (248) 971-1718

**PAUL HASTINGS LLP**      *Attorneys for Defendants Covisint*
Christopher H. McGrath     *Corp., Bernard M. Goldsmith,*
695 Town Center Drive,      *William O. Grabe, Lawrence*
17th Floor                   *David Hansen, Samuel M. Inman,*
Costa Mesa, CA 92626      *Andreas Mai, John F. Smith, and*
(714) 668-6244                *Jonathan Yaron*

Dated: September 27, 2017          **HONIGMAN MILLER SCHWARTZ AND COHN LLP**

By: s/Nicholas B. Gorga (w/ consent)
Nicholas B. Gorga
Rian C. Dawson
660 Woodward Avenue
2290 First National Building
Detroit, MI 48226-3506
(313) 465-7640

**OF COUNSEL:**

**CROWELL & MORING LLP**
Edwin M. Baum
Allyson McKinstry
590 Madison Avenue
20th Floor
New York, NY 10022-2544
(212) 803-4033

*Attorneys for Defendant Open Text Corporation*

IT IS SO ORDERED this 28th day of September, 2017.

s/Robert H. Cleland
UNITED STATES DISTRICT JUDGE

7